OPINION — AG — (1) THE RE ASSIGNMENT OF TEACHING PERSONNEL TO OTHER DUTIES IN THE SCHOOL DISTRICT CANNOT OPERATE TO REDUCE THE LEVEL OF COMPENSATION DUE THE TEACHER BY REASON OF HIS OR HER EXPERIENCE, GRADE OR LEVEL OF ACADEMIC ACHIEVEMENT AS SECURED BY LAW, COLLECTIVE BARGAINING AGREEMENT OR UNILATERAL ACTION OF THE LOCAL SCHOOL BOARD OF EDUCATION. ADDITIONALLY, ACQUISITION BY REASON OF CONTRACTUAL AGREEMENT BETWEEN A TEACHER AND LOCAL SCHOOL BOARD OF EDUCATION OF A STATUS WHICH BY OPERATION OF LAW, COLLECTIVE BARGAINING AGREEMENT OR UNILATERAL ACT OF LOCAL BOARD OF EDUCATION REQUIRES A HIGHER LEVEL OF COMPENSATION, ENTITLES SUCH TEACHER TO THAT HIGHER LEVEL OF COMPENSATION. (2) MINIMUM SALARY INCREASES MANDATED BY LAW, COLLECTIVELY BARGAINING AGREEMENT OR UNILATERAL ACT OF THE LOCAL BOARD OF EDUCATION MUST BE PAID EVEN WHERE TEACHING PERSONNEL ARE REASSIGNED TO POSITIONS WHICH DO NO JUSTIFY AS HIGH A SALARY AS THEY WERE PREVIOUSLY RECEIVING. (3) LEGISLATIVELY MANDATED SALARY INCREASES, SALARY INCREASES ARISING BY REASON OF COLLECTIVE BARGAINING AGREEMENTS, OR UNILATERAL ACT OF THE LOCAL BOARD OF EDUCATION MUST BE PROVIDED AND APPORTIONED BY THE SCHOOL DISTRICT ON THE BASIS OF THE LEVEL OF COMPENSATION THE TEACHER IS ENTITLED TO RECEIVE BY OPERATION OF LAW, COLLECTIVE BARGAINING AGREEMENT, UNILATERAL ACT OF THE LOCAL BOARD OF EDUCATION OR AS REQUIRED UNDER THE TERMS OF THEIR NEW CONTRACT. CITE: 70 O.S. 1971, 6-101(E) [70-6-101], 70 O.S. 1979 Supp., 18-114 [70-18-114] (JOHN F. PERCIVAL) ** SEE OPINION NO. 91-505 (1991)